# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 17, 2009

## STATE OF TENNESSEE V. LAVON DENISE RANSOM

**Appeal from the Circuit Court for Bedford County**
**No. 16203, 16628 & 16629    Robert Crigler, Judge**

_____

**No. M2009-00150-C-CA-R3-CD - Filed January 25, 2010**

_____

Appellant, Lavon Denise Ransom, pled guilty in Bedford County to two counts of possession of cocaine for resale, two counts of possession of cocaine for delivery, and one count of selling cocaine. Several of the convictions were merged by the trial court, and Appellant received an effective ten-year sentence. She appeals the denial of alternative sentencing. After a review of the record, we determine that the trial court properly denied alternative sentencing where Appellant had an extensive criminal history, had failed to comply with conditions of sentences involving release into the community and confinement was needed to protect society by restraining a defendant who has a long history of criminal conduct, and to avoid depreciating the seriousness of the offenses. Therefore, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Lavon Denise Ransom.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Charles Crawford, District Attorney General, and Michael D. Randles and Hollyn Eubanks, Assistant District Attorneys General for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

Appellant was indicted by the Bedford County Grand Jury in three separate indictments. In case number 16602, Appellant was indicted for one count of possession of more than .5 grams cocaine for resale and one count of possession of more than .5 grams of cocaine for delivery. In case number 16628, Appellant was indicted for one count of possession of more than .5 grams cocaine for resale and one count of possession of more than .5 grams of cocaine for delivery. Finally, in case number 16629, Appellant was indicted for the sale of more than .5 grams of cocaine and one count for the delivery of more than .5 grams of cocaine.

On November 17, 2008, Appellant pled guilty to the charges in the indictments in an open plea, with the manner and length of the sentence to be determined by the trial court at a hearing. At the guilty plea hearing, the facts which gave rise to the indictments were summarized by the district attorney. In case number 16602, the task force had been receiving information about Appellant for a "period of time" that led to a consensual search of Appellant's residence. During the search, 2.8 grams of cocaine were found in a medicine bottle under the bathroom sink. In case number 16628, Appellant was arrested in conjunction with "a rather extensive investigation involving a number of people." Appellant was carrying 3.9 grams of cocaine in her purse. In conjunction with this arrest, Appellant "made an admission and gave a statement to the effect of her involvement in the distribution of crack cocaine." Finally, in case number 16629, Appellant was arrested after selling $100 worth of crack cocaine to a confidential informant. The cocaine in that case weighed .6 grams. Appellant was out on bond for the first arrest at the time of each subsequent arrest.

At the sentencing hearing, the trial court heard testimony from Timothy Lane, director of the 17th Judicial Task Force. Director Lane described the "bad" crack cocaine problem that existed in Bedford County. He commented that the drug problems had a negative impact on the community as well as individual families. According to Director Lane, Appellant had admitted to selling nearly $10,000 worth of crack cocaine and was able to provide the names of other people who were selling drugs in the area.

Appellant testified that she was thirty-two years old. Appellant did not have custody of her fourteen-year-old daughter. The child lived with her grandmother. Appellant admitted that she had an addiction and had cooperated with authorities by providing the names of other drug sellers because it was in her best interest. Appellant also admitted to a "terrible" employment history. Appellant's entire work history was comprised of two jobs, working

for two weeks at Tyson when she was eighteen years old and working for eight months at McDonald's when she was thirty years old. Appellant had never attended drug treatment and informed the trial court that she had a lengthy criminal record. Appellant now claimed that she wanted to get treatment for her addiction, asking the trial court to sentence her to Community Corrections. Appellant denied that she had admitted to selling $10,000 worth of drugs, estimating that she had only sold about $1,000 worth.

At the conclusion of the hearing, the trial court examined the enhancement and mitigating factors in Tennessee Code Annotated sections 40-35-114 and -115 and applied mitigating factor (13), the "catch-all" factor, because Appellant chose to plead guilty, sparing the State the expense of trial. T.C.A. § 40-35-115(13). Additionally, the trial court found Appellant's actions "indicative of remorse" and concluded that she was "an honest witness." The trial court also applied mitigating factor (9), finding that Appellant had assisted authorities in her willingness to name other drug dealers. T.C.A. § 40-35-115(9).

The trial court applied two enhancement factors relating to appellant's prior criminal history, factor (1), that Appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range, and that Appellant has failed to comply with conditions of sentences involving release into the community on a number of occasions, factor (8). T.C.A. § 40-35-114(1), (8).

As a result, in case number 16602, the trial court merged the conviction for possession with intent to deliver with the conviction for possession with intent to sell and sentenced Appellant to a ten-year sentence as a Range I, standard offender. In case number 16628, the trial court again merged the conviction for possession with intent to deliver with the conviction for possession with intent to sell and sentenced Appellant to a ten-year sentence as a Range I, standard offender. Finally, in case number 16629, the trial court merged the conviction for "delivery" with the conviction for "sale over half a gram" and sentenced Appellant to a ten-year sentence. The trial court ordered the sentences to run concurrently.

The trial court denied alternative sentencing, noting that Appellant was "out on bond" for the first two offenses when the third offense was committed. The trial court found that Appellant's work history was "terrible" and her social history and education were "poor." The trial court opined that Appellant "could not . . . successfully complete Community Corrections or probation." The trial court determined that an alternative sentence was inappropriate because "confinement [wa]s needed to avoid depreciating the seriousness of the offense." To that end, the trial court accredited the testimony of Director Lane. The trial court also felt that this meant "confinement [wa]s particularly suited to provide an effective deterrent to people likely to commit similar offenses." Finally, measures less restrictive than confinement had been previously applied to Appellant without success.

Appellant appeals the denial of an alternative sentence.

*Analysis*

On appeal, Appellant argues that the trial court improperly denied alternative sentencing. Specifically, Appellant argues that because she was sentenced to Class B felonies with a sentence of less than ten years she should have been granted an alternative sentence. She claims that there is no proof in the record that the sentence would have a deterrent effect and that probation would be in her best interest and the best interest of the public. The State, on the other hand, argues first that Appellant failed to file a notice of appeal. Additionally, the State argues that the trial court properly denied alternative sentencing.

At the outset, we note that the State argues that this Court lacks jurisdiction to hear Appellant's appeal. The State contends that the technical record does not contain a notice of appeal, so this Court has no jurisdiction. The record on appeal contains a notice of appeal that was stamped "received" on December 9, 2008, and a motion to consolidate cases numbered 16602, 16628 and 16629 that was filed on January 29, 2009. This Court issued an order noting that one notice of appeal was filed and that the cases had been given one docket number on appeal, so Appellant's motion to consolidate was moot. Therefore, we believe we have jurisdiction of this appeal.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature

and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b),-103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

> [T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (emphasis added). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration. . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." T.C.A. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347. Furthermore, with regard to probation, a defendant whose sentence is ten years or less is eligible for probation. T.C.A. § 40-35-303(a).

However, all offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. . . .

T.C.A. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

Appellant herein pled guilty to two counts of possession of cocaine with the intent to sell, a Class B felony, and one count of selling over .5 grams of cocaine, also a Class B felony. She was also sentenced to a sentence of ten years. Therefore, she is eligible for alternative sentencing including probation. *See* T.C.A. §§ 40-35-102(6) & -303(a).

The presentence report shows that Appellant had a criminal history spanning at least fourteen years with a "history of probation revocations and failure to pay fines and costs." Appellant had at least four revocations of probation in the past. Clearly, her history of failed probation attempts alone supports a denial of alternative sentencing. *See* T.C.A. § 40-35-102(6)(C). Additionally, there was testimony in the record from Director Lane that there was a need for deterrence in the county due to the seriousness of the drug problems. We have reviewed the record on appeal and find that the trial court considered the sentencing principles and all pertinent facts in the case, therefore, there is a presumption of correctness in the findings of the trial court. There is ample support for the denial of probation or any form of alternative sentencing with regard to Appellant.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE